IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RODOLFO CERVANTES, JR.,

        Plaintiff,

v.

        Defendant.

Case No. 2:20-cv-00105-AC

ORDER TO DISMISS

SIMON, Judge.

Plaintiff, an inmate at the Eastern Oregon Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the court granted Plaintiff's amended Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the court dismisses Plaintiff's Complaint.

## BACKGROUND

Plaintiff does not identify any Defendants in the caption of his Complaint. The Complaint indicates "see attachment for list," but no such list is attached. Moreover, Plaintiff does not identify

1 - ORDER TO DISMISS

any Defendants in the allegations of his Complaint who participated in the alleged denial of Plaintiff's rights.

Plaintiff alleges the loss and destruction of his personal property in the course of a move between Oregon Department of Corrections ("ODOC") facilities, and denial of access to the courts and an attorney. Plaintiff also alleges discrimination based on race and sexual orientation. By way of remedy, Plaintiff seeks money damages and a formal apology.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

2 - ORDER TO DISMISS

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). In order to state a § 1983 claim, a plaintiff must allege facts giving rise to a reasonable inference that the named defendants were personally involved in the alleged constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, none of Plaintiff's claims for relief allege facts giving rise to a reasonable inference that any Defendants, unnamed or otherwise, were personally involved in the alleged violation of his rights; indeed, Plaintiff does not identify any Defendant(s) personally involved in any of the actions complained of.

To the extent Plaintiff claims his personal property was lost or destroyed, Plaintiff fails to allege facts sufficient to state a cognizable Fourteenth Amendment violation for the deprivation of property. Where an inmate alleges the deprivation of a property interest caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-131 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). This rule applies to both the Fifth and Fourteenth Amendment Due Process Clauses. *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991). Because Oregon provides an adequate post-deprivation remedy in the form of the Oregon Tort Claims Act, Or. Rev. Stat. § 30.260 *et seq.*, Plaintiff fails to state a claim related to the loss or deprivation of his personal property upon which relief may be granted.

Plaintiff's also fails to allege facts sufficient to state a claim for denial of access to the courts in violation of his First Amendment rights. In order to allege a violation of the right of access to the courts, an inmate must demonstrate that he suffered an actual injury by pleading facts showing

3 - ORDER TO DISMISS

"actual prejudice with respect to contemplated or existing [non-frivolous] litigation, such as the inability to meet a filing deadline or to present a claim," and the actual injury requirement is only satisfied if an inmate is denied access with regard to direct criminal appeals, habeas corpus petitions, and civil actions brought pursuant to § 1983. *Lewis v. Casey*, 518 U.S. 343, 348 (1996). Plaintiff does not allege he suffered any actual prejudice as a result of the alleged destruction of his legal papers. Accordingly, he fails to state a claim for the denial of access to the courts upon which relief may be granted.

Finally, to the extent Plaintiff seeks to allege an equal protection violation based on discrimination, a § 1983 plaintiff alleging such a violation must prove that: "(1) the defendants treated plaintiff differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the defendants acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification." *Moua v. City of Chico*, 324 F.Supp.2d 1132, 1137 (E.D.Cal. 2004); *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (a §1983 plaintiff alleging denial of equal protection "must show that the defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class"); *Van Pool v. City and County of San Francisco*, 752 F.Supp. 915, 927 (N.D. Cal.1990) (a § 1983 plaintiff must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law). Here, Plaintiff does not allege facts which would establish such a claim.

## CONCLUSION

Based on the foregoing, the court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint will result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 31st day of March, 2020.

Michael H. Simon
United States District Judge