IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RODOLFO CERVANTES, JR.**, | Case No. 2:20-cv-105-AC |
| Plaintiff, | **ORDER** |
| v. | |
| **SAM SUTTON**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on February 3, 2022. Judge Acosta recommended that this Court grant Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. Defendants, however, did not respond to Plaintiff's objection. Plaintiff objects that Judge Acosta erroneously found that Plaintiff's first and second claims were not exhausted when Plaintiff filed a grievance that was denied as untimely. An untimely grievance does not serve to exhaust remedies because "[p]roper exhaustion demands compliance with an agency's deadlines." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Plaintiff, however, provides new argument and evidence not submitted to Judge Acosta, contending that he was told by prison personnel to wait for several weeks for his property to be returned to him before filing a grievance and that is why he delayed in filing the grievance, rendering his grievance untimely. He argues that he could not appeal the denial of this grievance and thus no further administrative options were effectively available to him.

It is within this Court's discretion to accept new evidence or argument submitted with objections. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (discussing the district court's discretion to consider new arguments raised in objections); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the circuit split on whether a district court must or may

consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district court "has discretion, but is not required" to consider new evidence); *see also* 28 U.S.C. § 636(b)(1) (stating that the district court judge "may also receive further evidence"). The Court accepts Plaintiff's new evidence and argument, but that does not save his first two claims. The problem remains that Plaintiff should have submitted *this* argument to the Oregon Department of Corrections (ODOC) in a grievance and given ODOC the opportunity to adjudicate whether the alleged statements by ODOC personnel rendered Plaintiff's underlying grievance timely. Plaintiff never gave ODOC that opportunity, which is contrary to one of the main purposes of the Prison Litigation Reform Act's exhaustion requirement—allowing agencies an opportunity to correct their own mistakes. *See Woodford*, 548 U.S. at 89. Plaintiff could have submitted a new grievance describing what ODOC personnel allegedly told him, his reliance on those representations, and his harm.

Plaintiff also objects that Judge Acosta erroneously concluded that Plaintiff's third and fourth claims were not exhausted. The Court has reviewed this issue *de novo* and adopts this portion of the Findings and Recommendation.

The Court ADOPTS the Findings and Recommendation (ECF 47), as supplemented herein after considering Plaintiff's new argument and evidence. The Court GRANTS Defendants' motion for summary judgment, ECF 34.

**IT IS SO ORDERED.**

DATED this 22nd day of March, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge